UNITED STATES BANKRTUPCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| In re: Zachary T. Bynum | ) | Case no. 04-50795 |
| Debtor | ) | |
| | ) | |
| North Carolina State Bar, | ) | Chapter 7 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 04-06053 |
| | ) | |
| Zachary T. Bynum III, | ) | |
| Defendant | ) | |

CONSENT JUDGMENT

THIS MATTER coming before the undersigned United States Bankruptcy Judge of the United States Bankruptcy Court for the Middle District of North Carolina; and based upon the consent of the parties, the Court makes the following:

FINDINGS OF FACT

1. The Client Security Fund of the North Carolina State Bar (the Client Security Fund ), was established by the Supreme Court of North Carolina to reimburse, subject to certain limitations, those who have suffered a loss due to the dishonest conduct of a North Carolina lawyer. The Client Security Fund is a standing committee of the North Carolina State Bar pursuant to an order of the Supreme Court dated October 10, 1984, as amended. The office of the Client Security Fund is located at 208 Fayetteville Street Mall, Raleigh, North Carolina.

2. Plaintiff is authorized to bring this action on behalf of the Client Security Fund pursuant to Title 27, N.C.A.C. Chapter 1, Subchapter D, Section .1419.

3. Defendant, Zachary T. Bynum (hereafter Bynum), is a resident of Winston-Salem, North Carolina.

4. On August 19, 1979, Bynum was licensed to practice law in North Carolina and became a member of the North Carolina State Bar. During the periods referred to herein, Bynum was actively engaged in the practice of law in Winston-Salem, North Carolina.

5. On April 13, 2004, Bynum filed an Affidavit of Surrender with the North Carolina State Bar surrendering his license to practice law.

6. On April 23, 2004, upon motion made and seconded, the Council of the North Carolina State Bar, after notice to Bynum, accepted the tender of Bynum's license and disbarred Bynum from the practice of law in North Carolina.

7. On February 24, 2003, Bynum settled a personal injury claim for injuries suffered by James Smith III, (hereafter Smith).

8. From the settlement, Bynum retained $37,292.97 to satisfy any medical liens that Smith's medical providers might claim.

9. No medical liens were claimed.

10. Bynum appropriated the $37,292.97 he retained for Smith or Smith's medical providers to his own use.

11. Bynum listed Smith and his father as creditor # 50 on his Schedule F filed with his bankruptcy petition on April 30, 2004, and listed his debt to them as $37,292.96.

12. On February 9, 2004, Smith and his father filed an application with the Client Security Fund seeking reimbursement of the loss Smith suffered due to Bynum's dishonest conduct.

13. On July 15, 2004, the Client Security Fund considered Smith's application and authorized reimbursement of the $37,292.97 misappropriated by Bynum. On July 22, 2004, a check was issued payable to Smith and his father.

14. Pursuant to the application, Title 27, N.C.A.C. Chapter 1, Subchapter D, Section .1419, and a subrogation agreement signed by Smith and his father on February 3, 2004, the Client Security Fund is subrogated to the rights of Smith and his father and may bring an action against Bynum to recover the amount paid to Smith.

BASED UPON THE CONSENT OF THE PARTIES AND THE FOREGOING FINDINGS OF FACT, the Court makes the following:

## CONCLUSIONS OF LAW

1. By misappropriating the $37,292.97 he should have held in a fiduciary capacity for Smith, Bynum converted Smith's $37,292.97 to his own use.

2. The Client Security Fund, by reimbursing Smith for his loss, and pursuant to Title 27, N.C.A.C. Chapter 1, Subchapter D, Section .1419, is subrogated to the loss suffered by Smith.

3. Bynum is liable to the Client Security Fund for $37,292.97.

4. Because Bynum's debt to Smith was caused by Bynum's misappropriation of Smith's funds that Bynum retained in a fiduciary capacity as Smith's attorney, the Client Security Fund's subrogated right to the debt Bynum owes to Smith should be declared non-dischargeable pursuant to 11 U.S.C.A. §523(a)(4) & (6).

BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS ORDERED, ADJUDGED and DECREED that:

1. A judgment is hereby entered against Bynum in favor of the Client Security Fund of the North Carolina State Bar in the amount of $37,292.97.

2. Interest shall accrue on this judgment at the legal rate from April 6, 2004 until paid;

3. Bynum's debt to the plaintiff is declared non-dischargeable pursuant to 11 U.S.C.A. Sec. 523(4) & (6); and

The foregoing judgment is consented to by:

*signature*

A. Root Edmonson
Deputy Counsel
North Carolina State Bar
Counsel for the Plaintiff

*signature*

Robert E. Price, Jr.
Price Law Office
Counsel for the Defendant

<u>PARTIES TO BE SERVED</u>
PAGE 1 OF 1
04-50795
ADV. PROC. #04-06053

ROBERT E. PRICE JR.
ATTORNEY AT LAW
PRICE LAW OFFICE
1144 W. FOURTH STREET
WINSTON-SALEM, NC 27101
rprice@replegal.com

A. ROOT EDMONSON
ATTORNEY AT LAW
NORTH CAROLINA STATE BAR
PO BOX 25908
RALEIGH, NC 27611
redmonson@ncbar.com